**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin FALCON, Defendant–Appellant.**

**No. 10–30150.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 23, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Paulette Lynn Stewart, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Robert Henry Branom, Jr., Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Kevin Falcon appeals from the 110–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Falcon contends that the district court procedurally erred by applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) when calculating the Guidelines range. The government concedes that the district court should have relied upon U.S.S.G. § 2K2.1(b)(6) application note 14(A) when determining whether to apply the enhancement, rather than analogizing the circumstances of the instant case to burglary and relying on U.S.S.G. § 2K2.1(b)(6) application note 14(B). The government further concedes that the factual record was insufficient to support the enhancement. We remand to the district court to determine whether the four-level enhancement is appropriate in light of the relevant application note and this circuit's precedent. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445

** This disposition is not appropriate for publication and is not precedent except as provid-

(2007) (holding that improperly calculating the Guidelines range constitutes "significant procedural error"); *see also United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994) ("[T]o the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—i.e., had some potential emboldening role in—a defendant's felonious conduct.").

We decline to limit the district court to the existing record when resentencing. *See United States v. Matthews,* 278 F.3d 880, 889 (9th Cir.2002) (en banc) ("[T]here is no reason to limit the district court's authority to explore fully a factual issue at resentencing simply because it failed to do so during the first proceeding as a result of an erroneous legal ruling.").

Because we are remanding on the basis of an error in the Guidelines calculations, we need not reach Falcon's other arguments.

**Sentence VACATED and REMANDED for resentencing.**